IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL ARCIDES SORTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2385 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Manuel Arcides Sorto, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state felony murder conviction. Respondent filed a motion for summary judgment (Docket Entry No. 11), to which petitioner responded. (Docket Entry No. 14.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

*Background and Claims*

Petitioner pleaded guilty to the charge of murder in the 179th District Court of Harris County, Texas, and was sentenced to thirty-five years incarceration. The conviction was affirmed on appeal. *Sorto v. State*, No.14-05-01224-CR, 2006 WL 176431 (Tex. App. – Houston [14th Dist.] 2006, no pet.) (not designated for publication). The Texas Court of

Criminal Appeals denied petitioner's application for state habeas relief without a written order. *Ex Parte Sorto*, No. 69, 053-02, at cover.

Petitioner raises the following grounds for federal habeas relief:

1. Denial of a meaningful appeal;

2. Involuntary guilty plea induced by counsel's promises of probation and a right of direct appeal;

3. Denial of an evidentiary hearing on state collateral review;

4. Ineffective assistance of trial counsel in

    a. failing to investigate self-defense witnesses;

    b. failing to present self-defense witnesses for sentencing purposes;

    c. promising petitioner the right to appeal;

    d. promising petitioner that he would receive probation.

(Docket Entry No. 2, p. 2)   Respondent argues that none of these claims has merit, and that two of the claims are unexhausted and procedurally barred.

*The Applicable Legal Standards*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly

2

established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonable extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Miller-El*, 537 U.S. at 330-31; 28 U.S.C. § 2254(e)(1).

3

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). Thereafter, the burden shifts to the nonmoving party to show with significant probative evidence that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While Rule 56 of the Federal Rules of Civil Procedure regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254(e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *Id.* Unless the petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

4

Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, the notice afforded by the Federal Rules of Civil Procedure and the local rules is considered sufficient to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

*Non-Exhaustion and Procedural Bar*

In the instant case, petitioner did not present to the Texas Court of Criminal Appeals his two claims that counsel promised him the right to appeal his guilty plea. Respondent maintains that, because petitioner did not exhaust these claims in state court, they are now procedurally barred from federal habeas review.

A state prisoner is required to exhaust available state remedies before seeking federal habeas relief. 28 U.S.C. §§ 2254(b), (c); *Coleman v. Thompson*, 501 U.S. 722 (1991); *Nobles v. Johnson*, 127 F.3d 409, 419-420 (5th Cir. 1997). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254 (1986). In order to exhaust his state remedies, a state inmate must fairly present the substance of his federal claims to the highest state court either in a petition for discretionary review or in an application for a writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir.

1990). Petitioner did not present these two issues to the Texas Court of Criminal Appeals, and they are unexhausted.

Petitioner argues that these two claims are "supplements" to his exhausted claims that need no independent exhaustion; this Court does not agree. Petitioner's claim that counsel was deficient in promising him a right to appeal is not a natural extension of either his claim that counsel falsely promised him probation or that the state court denied him a meaningful appeal.

The two unexhausted claims are procedurally barred from consideration by this Court. A procedural bar for federal habeas review occurs if the state court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred. *Coleman*, 501 U.S. at 735 n. 1. Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX. CODE CRIM. P. art. 11.07, § 4(a). The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Petitioner pursued a prior application for state habeas relief, and he shows no grounds for the Texas Court of Criminal Appeals allowing him to pursue a successive application. To the contrary, he argues that he shows "good cause" and "prejudice" under *Coleman* for the default because he did not understand the "jargon" used by his prison writ writer, and because of his trial counsel's ineffectiveness. His allegations of "misunderstanding" his writ writer's "jargon" is insufficient to establish good cause or prejudice under *Coleman*. Further,

his claim of "good cause" based on counsel's false promise of probation affords him no benefit, as the Court denies relief under that issue, *infra*.

Nor does petitioner's conclusory and factually unsupported claim of actual innocence provide a basis for relief. Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also House v. Bell*, 547 U.S. 518, 536-40 (2006). The record before this Court does not demonstrate factual proof for actual innocence.

Accordingly, petitioner's claims alleging counsel falsely promised him a right to appeal his guilty plea are procedurally defaulted and barred from consideration by this Court.

*Denial of a State Evidentiary Hearing*

Petitioner claims that the state trial court improperly denied him an evidentiary hearing during his habeas proceedings. His allegation fails to state a cognizable ground for federal habeas relief. "[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Accordingly, petitioner establishes no violation of a federal constitutional right, and respondent is entitled to summary judgment dismissing this claim.

7

The Court further notes that, in responding to the motion for summary judgment, petitioner made allegations that counsel misinformed him of the law regarding self-defense. Because this was not raised as a claim for habeas relief in the instant petition (Docket Entries No. 1, No. 2), the Court has not addressed such assertions as an independent ground for habeas relief.

*Denial of Meaningful Appeal*

Petitioner complains that he was denied his right to a meaningful appeal because the state court of appeals dismissed his direct appeal following his guilty plea. He argues that the state trial court certified his right to appeal under state law, and that the state court of appeals had no right to change that certification.

Pursuant to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure,

> A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case – that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant – a defendant may appeal only:
>
> (A)  those matters that were raised by written motion filed and ruled on before trial, or
>
> (B)  after getting the trial court's permission to appeal.

In dismissing petitioner's appeal, the state court of appeals held as follows:

> Appellant entered a guilty plea to murder. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on November 11, 2005, to confinement for thirty-five years in the Institutional

> Division of the Texas Department of Criminal Justice. Appellant filed a *pro se* notice of appeal. We dismiss the appeal.
>
> The record reflects appellant entered a plea of guilty in exchange for 'PSI Hearing/cap at 35 yrs TDCJ-ID.' An agreement to a punishment cap constitutes a plea bargain. *See Waters v. State*, 124 S.W.3d 825, 826 (Tex. App. – Houston [14th Dist.] 2003, pet. ref'd); *see also Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Appellant was sentenced in accordance with the plea bargain. The court did not grant appellant permission to appeal and the record does not reflect any matters raised by written motion were filed and ruled on before trial. *See Waters*, 124 S.W.3d at 827. Consequently, appellant does not have the right of appeal.

*Sorto*, at *1.

The state court of appeals found that, under state law, petitioner did not have the right to appeal. The Supreme Court has long held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). A challenge to a state court's determination of matters under state law is not a cognizable ground for federal habeas relief. *Beazely v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) (holding that the proper interpretation of state law is not cognizable in federal habeas proceedings).

Further, the record shows that, in his Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, petitioner pleaded guilty to the offense, stipulated to the evidence, and expressly acknowledged that, "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and prosecutor." *Ex parte Sorto*, pp. 35, 73. Petitioner was sentenced in accordance with the agreed sentencing cap, and had no right to appeal under state law. *Sorto*.

Petitioner correctly points out that, in the Trial Court's Certification of Defendant's Right to Appeal, the form's box for "is a plea-bargain case, and the defendant has NO right of appeal" was checked then marked out, and that the box for "is not a plea-bargain case, and the defendant has the right of appeal" is checked and underlined. Clerk's Record on Appeal, at 38. This document changes neither the state court's determination nor this Court's review, as the state court of appeals held that *state law* afforded petitioner no right to appeal.

Petitioner fails to show that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §§ 2254(d)(1), (2). Respondent is entitled to summary judgment dismissing this habeas issue.

*Involuntary Guilty Plea*

Petitioner asserts that his guilty plea was involuntary because it was induced by counsel's false promise of a probated sentence. A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000). A petitioner waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, when he voluntarily pleads guilty. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). An exception to this rule applies when counsel's ineffectiveness renders the plea involuntary. *Tollet v. Henderson*, 411 U.S. 258 (1973) (explaining that when a habeas petitioner has pleaded guilty on the advice of his

10

counsel, the focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea).

When evaluating whether counsel's ineffectiveness rendered the guilty plea involuntary, the federal court applies the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that counsel's performance was deficient. In the context of a guilty plea, this means the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. The petitioner must next show that counsel's deficient performance prejudiced the petitioner. This means that the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other.

In support of his claim, petitioner submitted affidavits from four family members who stated that counsel promised probation if petitioner pleaded guilty, and that petitioner did not want to plead guilty. *Ex parte Garcia*, pp. 63-66.

In his affidavit submitted to the trial court on collateral review, trial counsel testified as follows:

> Prior to the plea being made herein, I read each of the admonishments to the Defendant and asked him if he understood them and if he had any questions. He had no questions.
>
> I never told applicant what the sentence would be nor did I promise any result. I told him that the Court would assess punishment anywhere within the whole range of punishment.

11

>The Defendant was aware of all the facts prior to his plea, including the diagram of the bullet entry locations on the deceased and all potential defenses including self-defense.

*Ex parte Garcia*, p. 56.

In rejecting petitioner's claim of an involuntary guilty plea, the trial court found trial counsel's affidavit credible and his statements true, and made the following relevant findings:

>3. The applicant fails to show that his guilty plea was unlawfully induced, made involuntarily, or made without an understanding of the nature of the charge against him and the consequences of his plea.
>
>4. The applicant fails to overcome the presumption that his guilty plea was knowing and voluntary.

*Ex parte Garcia*, pp. 67-68. By finding counsel's affidavit credible and his factual statements true, the trial court impliedly found incredible and/or untrue the factual assertions made by petitioner's family in their affidavits.

The state courts denied habeas relief under petitioner's claim of an involuntary guilty plea. Petitioner fails to show that the state courts' decisions were contrary to, or an unreasonable application of, clearly established federal law, or that they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1), (2). Respondent is entitled to summary judgment dismissing this habeas issue.

*Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

   A.   False Promise of Probation

Petitioner argues that trial counsel was ineffective in falsely promising him probation. In rejecting petitioner's claims of ineffective assistance of counsel, the trial court made the following relevant findings:

1. The applicant fails to demonstrate that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

2. The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel.

*Ex parte Garcia*, p. 67 (citations omitted). Further, the trial court found as true and credible trial counsel's affidavit in which counsel testified that he made no promises as to sentencing. *Id.* Petitioner fails to rebut the presumed correctness of this finding by clear and convincing evidence, and this Court will not re-weigh the credibility determinations made by the trial court. *See Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997) ("These findings of fact and

credibility determinations are entitled to a presumption of correctness, and Carter has not introduced the requisite clear and convincing evidence to prove that they are erroneous.") The Texas Court of Criminal Appeals relied on the trial court's findings in denying habeas relief. *Ex parte Garcia*, at cover.

Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

### B. Failure to Investigate and Present Self-Defense Witnesses

Petitioner states that he was of the "understanding" that his two self-defense witnesses would be interviewed during the pre-sentence investigation for purposes of obtaining probation at sentencing. He further claims that, had the trial court been aware of the witnesses's testimony, petitioner would have received probation. He blames his thirty-five year sentence on counsel's failure to interview and present these two witnesses.

In rejecting these claims, the trial court made the following relevant findings on collateral review:

1. The applicant fails to demonstrate that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

2. The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel.

15

*Ex parte Garcia*, p. 67 (citations omitted).

In claiming that trial counsel failed to investigate or present an omitted witness, a habeas petitioner must establish the anticipated testimony of the witness, show that the testimony would have been favorable and admissible, and that the witness would have testified at trial. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Petitioner meets none of these requirements. The record is void of any affidavits from the two proposed witnesses setting forth their proposed testimony and willingness to testify, and petitioner has not shown that their proposed testimony would have been admissible and favorable. His conclusory allegations that the witnesses would have proved he acted in self-defense and would have resulted in a probated sentence are insufficient to raise a genuine issue of material fact precluding summary judgment. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") Petitioner fails to establish that the presentation of these witnesses would have resulted in probation or a less harsh sentence. *See Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993); *U.S. v. Grammas*, 376 F.3d 433 (5th Cir. 2004).

Regardless, petitioner fails to establish that counsel did *not* contact the two witnesses or otherwise investigate their potential use and availability as witnesses. It is petitioner's burden to prove that counsel failed to investigate the two witnesses; nothing in the record shows that counsel did not contact them and determine that they were unsuitable or unfavorable witnesses. Petitioner shows neither deficient performance nor prejudice.

Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment on this issue.

*Conclusion*

For the reasons stated above, the Court GRANTS the motion for summary judgment (Docket Entry No. 11) and DISMISSES this case with prejudice. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on September 10, 2009.

_____
Gray H. Miller
United States District Judge